**FILED**

NOV - 4 2015

CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

**UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re:<br>ERMINIO VAN MALLEGHEM,<br>  *Debtor* | Case No. 6:15-bk-06189-CCJ<br><br>Chapter: 7 |
| <br>ERMINIO VAN MALLEGHEM,<br>  *Plaintiff*<br>vs.<br><br>OCWEN LOAN SERVICING, LLC,<br>  *Defendant* | <br><br>Adv. Proc. No.: _____<br><br>Verified Adversary Complaint |

## VERIFIED ADVERSARY COMPLAINT

COMES NOW, Plaintiff, ERMINIO VAN MALLEGHEM, (hereinafter: "Plaintiff" or "VAN MALLEGHEM"), and sues Defendant OCWEN LOAN SERVICING, LLC; (HEREINAFTER "OCWEN") allege the following:

### I.  JURISDICTION AND VENUE:

1.  This adversary proceeding is brought pursuant to 11 U.S.C. §506 and Federal Rule of Bankruptcy Procedure 7001.

2.  This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§151, 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. §1409.

3.    This adversary proceeding is a core proceeding as defined at 28 U.S.C. §157(b)(2)(b) and (b)(2)(K) in that it is an action to determine the nature, extent and validity of an interest in property evidenced by a purported note and mortgage, and the allowance or disallowance of a claim, and jurisdiction exists pursuant to 11 U.S.C. § 502 (a) and (b) (1), 11 U.S.C. § 544 (a) (3) and (b) (1), 28 U.S.C. 1334, 28 U.S.C. 2201 for declaratory relief and 28 U.S.C. 1367 for pendent state claims.

4.    This Court has subject matter jurisdiction to hear this controversy. The Controversy involves a federal question.

5.    This Court has original jurisdiction over the claims in this action based on 28 U.S.C. §§ 1331, 1343, 2201, 2202, 12 U:S.C. § 2605, 15 U.S.C. § 1692,42 U.S.C. §5 1983 which confer original jurisdiction on federal district courts in suits to address the deprivation of rights secured by federal law.

6.    This Court also has supplemental jurisdiction over the pendant state law claims because they form a part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. § 1367.

## II.    PERSONAM JURISDICTION OVER THE PARTIES

7.    At all relevant times, OCWEN is organized under the laws of FLORIDA and conducts business in this district.

8.     VAN MALLEGHEM, is an Individual and is the Plaintiff in this lawsuit.

9.     VAN MALLEGHEM, is an individual having standing to bring this action pursuant to 11 U.S.C. 323.1302 and 1330.

## GENERAL ALLEGATIONS

10.     Whenever reference is made in this Complaint to any act of any Defendant(s), that allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

11.     Any allegation about acts of any corporate or other business Defendant means that the corporation or other business did the acts alleged through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

12.     At all relevant times, each Defendant committed the acts, caused or directed others to commit the acts, or permitted others to commit the acts alleged in this Complaint. Additionally, some or all of the Defendants acted as the agent of the other Defendants, and all of the Defendants acted within the scope of their agency if acting as an agent of the other.

13.     At all relevant times, each Defendant knew or realized that the other Defendants were engaging in or planned to engage in the violations of law alleged in this Complaint. Knowing or realizing that the other Defendants were engaging

3

in or planning to engage in unlawful conduct, each Defendant nevertheless facilitated the commission of those unlawful acts. Each Defendant intended to and did encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other Defendants in the unlawful conduct.

14.    On or about August 1st, 2006, Plaintiff, VAN MALLEGHEM, acquired an interest in the real property particularly described in Exhibit "A" : WHICH IS THE DEED.

15.    As to his obligation to a buy-sell transaction between plaintiff and seller, VAN MALLEGHEM paid the seller in full for the property.

16.    In exchange for full payment for the property by VAN MALLEGHEM, seller issued a deed to VAN MALLEGHEM. The deed from seller is recorded in record Book 08883 and Page 1686 of ORANGE county.

17.    On November 22, 2006, VAN MALLEGHEM attempted to enter into a loan transaction with MORTGAGEIT INC. ("hereinafter "MORTGAGEIT").

18.    MORTGAGEIT, failed to consummate the contemplated loan transaction.

19.    MORTGAGEIT caused the title to VAN MALLEGHEM's property to be clouded when it caused to be recorded documents purporting to use the Property as collateral to secure a purported debt, describing an unconsummated transaction.

20.    Plaintiff, having unwittingly released certain documents to MORTGAGEIT without receiving any funds from MORTGAGEIT, VAN MALLEGHEM looked for a way to retrieve or cancel the purported transaction appearing on documents without resorting to court.

21.    The Truth In Lending Act provides a remedy to rescind a transaction within three days of consummation for any reason.

22.    OCWEN does not have any record of ever posting a note receivable entry on its balance sheet that involves the purported note. The lack of existence of such records supports the allegation that OCWEN never held any interest in the Property.

23.    OCWEN has no record of posting any income entry on its income statement reflecting any principle or interest payments from VAN MALLEGHEM. The lack of existence of such records supports the allegation that OCWEN never held any interest in the Property.

24.    OCWEN has no record of paying any income tax on any payments from VAN MALLEGHEM. The lack of existence of such records supports the allegation that OCWEN never held any interest in the Property.

25.    On or about 04/14/2015, VAN MALLEGHEM sent his Notice of Rescission. To OCWEN. (See Attached)

26.     OCWEN, failed to respond to VAN MALLEGHEM's Notice of Rescission.

27.     OCWEN knew, or should have known, that they were collecting on a transaction that was not consummated, and subsequently rescinded.

28.     Defendants knew, or should have known, that they were attempting to collect a debt that cannot be legally collected.

29.     Defendant OCWEN is fraudulently enforcing a non-existing debt obligation in which they can have no pecuniary, equitable or legal interest. Thus, OCWEN's conduct is part of a fraudulent debt collection scheme.

30.     The conduct of OCWEN as described above, is malicious because OCWEN knew that it was acting without the prerequisite authority from a valid and relevant debt, and that there was no amount due and owing to OCWEN. However, despite such knowledge, OCWEN continued to demand payments from Plaintiff. (See Attached Demand Letters and Dispute)

31.     As a direct and proximate result of the actions of OCWEN as set forth above, Plaintiff's credit and credit score have been severely damaged. Specifically, because of the derogatory credit reporting and the lack of compliance with the notice of rescission, Plaintiff is unable to refinance his equity, buy another property, or sell his home.

32.     As a direct and proximate result of the actions of OCWEN as set forth above, the title to Plaintiff's home has been slandered, clouded, and its salability has been rendered unmarketable.

33.     Defendant OCWEN claims to be the holder of the note and mortgage with the right to enforce the note and mortgage for an undisclosed principle.

34.     Either OCWEN, as alleged by Plaintiff, is not a creditor of the Plaintiff, and therefore has no loan receivable from the Plaintiff, or in the alternative, OCWEN is required to comply with collection practices as defined by state and federal statutes.

35.     OCWEN does not possess a loan receivable from the Plaintiff nor has OCWEN complied with Federal and State statutes consistent with being a creditor or debt collector.

36.     OCWEN does not possess, or ever possessed, any legal right, justification, or excuse for asserting a secured interest in the Plaintiff's Property on its own behalf or on behalf undisclosed principals.

37.     Notwithstanding the above, OCWEN continue to act as though OCWEN is secured creditor, and has threatened to extract funds from Plaintiff using duress and intimidation.

38.     Plaintiff has a right to, as a seller, or in refinancing the property, to warranty title, and to know, with the certainty required in all real estate

transactions, whether the party providing estoppel information for payoff, and who receives the proceeds of a subsequent closing, and who issues a satisfaction of mortgage, is the correct party to do so. If that right is not recognized, then Plaintiff is forced to either not sell or not refinance because of a clouded title that was not clouded through his own doing.

39.    As a direct and proximate result of the above, together with other actions taken by OCWEN to collect on an obligation that has been rescinded, the Plaintiff's property are under a cloud of title claims and potential claims, all created by OCWEN, and Plaintiff has suffered damages to his credit and reputation generally.

40.    Plaintiff is unable to clear up the titles, since OCWEN continues to assert claims of creditor status, and a claim of secured interest based on void document that Plaintiff was fraudulently induced to execute, and subsequently rescinded, satisfied or settled.

41.    As of proximate result of the OCWEN'S unlawful actions, Plaintiff continues to suffer the irreparable harm described above for which only monetary compensation is inadequate.

42.    OCWEN is using the rescinded transactions documents to take and retain undisclosed fees, profits and compensation as defined under the Federal Truth in Lending Act from the money advanced by the investor-lenders, including

a tier 2 yield spread premium in which more money was advanced by investor-lenders than was used to fund or acquire mortgages, all of which are due to Plaintiff far in excess of $75,000.00, plus treble damages, attorney's fees, and costs of this action.

43.     The actual bona fide controversy is that Plaintiff have suffered credit damage from a party who has no rights to enforce documents describing a rescinded loan transaction, are threatened with foreclosure and eviction, and cannot promise clear title in any sale or refinance due to the issues described above.

44.     As a direct and proximate result of the above, Plaintiff is being forced to pay money that is not due OCWEN.

45.     OCWEN or its undisclosed principle, did not return to Plaintiff all monies paid including interests, appraisal fees and the other costs pursuant to the Truth In Lending Act and Regulation Z.

46.     OCWEN failed to return the Note to Plaintiff pursuant to the Truth In Lending Act and Regulation Z.

47.     OCWEN did not initiate a court action within 20 days of the notice of rescission, to declare whether any monies should be paid by Plaintiff to OCWEN.

48.     Plaintiff is entitled to receive the Note and monies paid on the rescinded transaction pursuant to the Truth In Lending Act and Regulation Z.

49. In spite of receiving the TILA rescission notice, Defendants, contacted Plaintiff via U.S. mail in an effort to collect a debt, contrary to the form of 15 U.S.C. Section § 1692 , for which reason Plaintiff is entitled to statutory damages.

50. OCWEN is a "debt collector" within the meaning of 15 U.S.C. Section § 1692a(6) and 15 U.S.C. § 1601 et. seq. (the Fair Debt Collector Practices Act, or FDCPA), in that it uses the mail in a business, the primary purpose of which, is the collection if debts.

51. OCWEN is a "debt collector" within the meaning of the FDCPA in that it uses the mail in a business the primary purpose of which is the collection of debts.

52. Any order/judgment obtained in reliance on rescinded documents is subject to collateral attack on said judgment/order.

53. The rescinded transaction is the purported debt upon which illegal collection activity took place.

54. On or about July 17, 2015, a petition in U.S. Bankruptcy Court in the Middle District of Florida (Orlando), was filed by the Plaintiff. The case number for the bankruptcy action is Case 6:15-bk-06189.

55. On or about July 17, 2015, the Bankruptcy Court served upon OCWEN, a Notice of Commencement of Case. (See Attached Notice) This

document describes that an automatic stay from creditor action is in place prohibiting certain collection action, as follows:

> Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.

56.   Federal Bankruptcy law at 11 U.S.C. § 362 provides for an automatic stay from creditor action upon the filing of a petition in bankruptcy, to wit:

> (a)   Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
>
> > (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; . . .
> >
> > (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; . . .
>
> (k)(1) Except as provided in paragraph (2), an individual

injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

57.    The Bankruptcy Code § 362(k) is intended to hold creditors accountable for injuries caused by willful violations of the automatic stay. In re Wingard, 382 B.R. 892, 900 (Bankr. W.D. Penn. 2008).

58.    The Fair Debt Collection Practices Act "FDCPA", states in 15 U.S.C. §1692(e):

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:" including (2) The false representation of

a.  the character, amount, or legal status of any debt; or

b.  any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

59.    Additionally, a debt collector may not represent or imply "that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." 15 USC §1692(e)(4)(emphasis added). Thus, it is not the filing of a foreclosure action that could arguably be a violation of this statute, but the threat to do so and the lawfulness of such actions, which OCWEN has engaged in.

60.    Other restrictions on debt collection include: "(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 USC §1692(e)(emphasis added).

61.    Plaintiff, as a proximate result of OCWEN'S acts and conduct described above, has sustained economic damage in excess of $75,000.00 for which the Plaintiff is entitled to compensation from OCWEN including but not limited to excess interest, principal and fees and costs associated with exposing this scheme and clearing his title.

WHEREFORE, Plaintiff requests this Court award this Plaintiff actual, statutory, consequential, compensatory, punitive and special damages, from OCWEN, and its undisclosed principals once identified, individually jointly and severally whichever is greater, attorney fees and costs, and for all other relief to which this Court find Plaintiff entitled.

Respectfully submitted,

Erminio Van Malleghem, Pro Se

## VERIFICATION OF CLAIM

Affidavit of ERMINIO VAN MALLEGHEM

I, Erminio Van Malleghem, am the Plaintiff in this action.

This affidavit is based upon my personal knowledge, and if called upon as a witness in this matter I could competently testify to the facts as set forth below.

I have read the foregoing statement of claim and examined the appendices referenced therein. The facts stated in the state of claim are true. The appendices are true and fair copies of the recited instruments.

The statements in this Complaint are true and correct are true and correct to the best of my knowledge and belief.


ERMINIO VAN MALLEGHEM


STATE OF FLORIDA    )
                    )
COUNTY OF _Orange_  )


SWORN AND SUBSCRIBED before me on _11/04/2015_ by _Erminio Van Malleghem_ who produced _F L D L_ as identification or who are well known to me.

DENISE QUICK
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF099854
Expires 4/30/2018

NOTARY PUBLIC, State of _Florida_

Print, Type or Stamp
Name of Notary

My Commission Expires: _04-30-2018_

## CERTIFICATE OF SERVICE

We The undersigned herby certifies that a true and correct copy of the foregoing has been furnished by U.S. Mail to: the parties on the service list on this date November 4, 2015.

Respectfully submitted,

Erminio Van Malleghem, Pro Se

SERVICE LIST:

Ocwen Loan Servicing, LLC
1661 Worthington Road, Suite 100
West Palm Beach, FL 33409

# Exhibit A

This Instrument Prepared by & return to:
Name:    W. Crit Smith, Esq.
         Susan S. Thompson, Esq.
         Frank S. Shaw, III, Esq.
         Daniel E. Manausa, Esq.
         Smith, Thompson, Shaw & Manausa, P.A.
Address: 2075 Centre Pointe Boulevard
         Tallahassee, Fl. 32308

Parcel I.D. #: 33-24-29-3106-01080

```
INSTR 20060638235
OR BK 08883 PG 1685 PGS=1
MARTHA O. HAYNIE, COMPTROLLER
ORANGE COUNTY, FL
09/26/2006 12:11:07 PM
DEED DOC TAX 3,072.30
REC FEE 10.00
LAST PAGE
```

— SPACE ABOVE THIS LINE FOR PROCESSING DATA —          — SPACE ABOVE THIS LINE FOR RECORDING DATA —

**THIS QUIT-CLAIM DEED** executed this ___ day of August, A.D. 2006, by JAMES PERRY AND JUDY PERRY, HUSBAND AND WIFE, first party, to ERMINIO VAN MALLEGHEM AND DAWN VAN MALLEGHEM, whose post office address is 14203 HOGAN DRIVE, ORLANDO, FL 32837, second party:

(Wherever used herein, the terms "first party" and "second party" shall include singular and plural, heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, wherever the context so admits or requires.)

**Witnesseth**, That the said first party, for and in consideration of the sum of $10.00, in hand paid by the said second party, the receipt whereof is hereby acknowledged, does hereby remise, release, and quit-claim unto the said second party forever, all the right, title, interest, claim and demand which the said first party has in and to the following described lot, piece or parcel of land, situate, lying and being in the County of ORANGE, State of Florida, towit:

LOT 108, HUNTERS CREEK TRACT 130, PHASE II, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 21, PAGES 18 AND 19, OF THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA.

At the request of Grantor and Grantee, a title search was not done on the above-referenced property.

**To Have and to Hold** the same, together with all and singular the appurtenances thereunto belonging or in anywise appertaining, and all the estate, right, title, interest, lien, equity and claim whatsoever of the said first party, either in law or equity, to the only proper use, benefit and behoof of the said second party forever.

**In Witness Whereof**, the said first party has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in the presence of:

_Michelle B. Bennett_
Witness Signature
_Michelle B. Bennett_
Printed Name

_____
Witness Signature
_Dana M. Frye_
Printed Name

_____ (L.S.)
JAMES PERRY
Address:

_____ (L.S.)
JUDY PERRY
Address:

State of Florida
County of _Leon_

I hereby Certify that on this day, before me, an officer duly authorized to administer oaths and take acknowledgements, personally appeared JAMES PERRY and JUDY PERRY, HUSBAND AND WIFE, known to me to be the person described in and who executed the foregoing instrument, who acknowledged before me that he/she executed the same, and that I relied upon the following form of identification of the above-named person: A DRIVER'S LICENSE and that an oath was not taken.

Witness my hand and official seal in the County and State last aforesaid this ___ day of August, A.D. 2006.

_____
Notary Public _Robert/Dora Williams_
MY COMMISSION # DD142118 EXPIRES
October 30, 2006
BONDED THRU TROY FAIN INSURANCE, INC

_____
Notary Signature
_Chastity D. Williams_
Printed Notary Signature

# Exhibit: Rescission Letters

Erminio Van Malleghem and Dawn Van Malleghem
14203 Hogan Drive
Orlando, Florida 32837

April 14, 2015

**Ocwen Loan Servicing, LLC**
**1661 Worthington Road, Suite 100,**
**West Palm Beach, Florida 33409**

RE: Account No: 7191045975                Property: 14203 Hogan Drive,
                                                          Orlando, Florida 32837

VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED *7014 3490 0000 2587 8822*

Dear Ocwen Loan Servicing, LLC,

This letter shall serve as our renewed Notice of Rescission of the alleged transaction described in
a Note and Mortgage dated 11/26/2006. We previously sent notice December 7, 2012 a copy is
included.

Pursuant to TILA and Regulation Z, you have twenty (20) days after receipt of this Notice of
Rescission to return all monies paid and to take action necessary and appropriate to terminate the
security interest. Please be advised that the mortgage is automatically voided by operation of law
upon rescission under 15 U.S.C. § 1635(b). Therefore, any attempt to report this mortgage to a
credit agency is a willful violation of TILA and the Fair Credit Reporting Act, 15 U.S.C. §1681a,
et seq.

Please contact us at (407) 376-9528 to arrange the delivery to us of all monies paid under the
mortgage, including all closing costs, principal, and interest.

Additionally, please mail us confirmation that the mortgage has been voided and that no negative
information will be reported to the credit bureaus with respect to this account. We reserve the
right to continue to make payments on this account for the sole purpose of protecting our credit
rating from any negative reporting of information by you or your agents.

Sincerely,

ERMINIO VAN MALLEGHEM                    DAWN VAN MALLEGHEM

# Exhibit: Rescission Letters

10/16/2008

**Owner**: Erminio and Dawn Van Malleghem

**Property**: 14203 Hogan Drive, Orlando, Florida, 32837

**Lender**: MortgageIT, Inc.
33 Maiden Lan, 6th Floor
New York, NY 10038

**Account No**: 40664459

Att: MortgageIT Inc

Pursuant to TILA, 15 U.S.C. Section 1635 and Regulation Z, we hereby exercise our right to rescind the mortgage transaction that is identified above.

The primary basis of the rescission is that:

- We was not provided with a completed copy of the notice of my right to rescind the consumer credit transaction, in violation of TILA.
- Failure to consummate the transaction by the named Payee on the mortgage.
- Lack of full disclosure of all charges and fees and the existence of non-disclosed parties.

You have twenty (20) days after receipt of this Notice of Rescission to return all monies paid and to take action necessary and appropriate to terminate the security interest, according to TILA. Please be advised that the mortgage is automatically voided by operation of law upon rescission under 15 U.S.C. § 1635(b). Therefore, any attempt to report this mortgage to a credit agency is a willful violation of TILA and the Fair Credit Reporting Act, 15 U.S.C. §1681a.

Please contact me at (407) 826-9844 to arrange the delivery to me of all monies paid under the mortgage, including all costs, principal, and interest.

Also, please mail me confirmation the mortgage has been voided and no negative information will be reported to the credit bureaus with respect to this loan.

Sincerely,

Erminio Van Malleghem

Dawn Van Malleghem

## Exhibit: Demand Letters and Dispute

### ERMINIO VAN MALLEGHEM & DAWN VAN MALLEGHEM
#### 14203 HOGAN DRIVE
#### ORLANDO, FLORIDA 32837

Ocwen Loan Servicing, LLC.
P.O. Box 24736
West Palm Beach, Florida 33146-4736

*12/17/2014*

*USPS 7014 1820 0001 6133 5725*

Dear Ocean Loan Servicing:

We writing in response to your letter dated 11/20/2014 (copy enclosed) but received on November 29, 2014, because we do not believe we owe what you say we owe.

This is the first we have heard from you, in accordance with the Fair Debt Collection Practices Act, Section 809(b): Validating Debts:

> (b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

We respectfully request that you provide us with the following information:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) Provide a verification or copy of any judgment (if applicable);
> (4) Proof that you are licensed to collect debts in (insert name of your state)

Be advised that we are fully aware of our rights under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. For instance, we know that:

- because we have disputed this debt in writing within 30 days of receipt of your dunning notice, you must obtain verification of the debt or a copy of the judgment against us and mail these items to us at your expense;
- you cannot add interest or fees except those allowed by the original contract or state law.
- you do not have to respond to this dispute but if you do, any attempt to collect this debt without validating it, violates the FDCPA;

Also be advised that we are keeping very accurate records of all correspondence from you and your company including recording all phone calls and they will not hesitate to report violations of the law to my State Attorney General, the Federal Trade Commission and the Better Business Bureau.

## Exhibit: Demand Letters and Dispute

We have disputed this debt; therefore, until validated you know your information concerning this debt is inaccurate. Thus, if you have already reported this debt to any credit-reporting agency (CRA) or Credit Bureau (CB) then, you must immediately inform them of their dispute with this debt. Reporting information that you know to be inaccurate or failing to report information correctly violates the Fair Credit Reporting Act § 1681s-2. Should you pursue a judgment without validating this debt, we will inform the judge and request the case be dismissed based on your failure to comply with the FDCPA.

We have paid their property taxes and our insurance and have not requested nor authorized the establishment of an escrow account.

Finally, if you do not own this debt we demand that you immediately send a copy of this dispute letter to the original creditor so they are also aware of my dispute with this debt.

Erminio Van Malleghem

**Exhibit: Demand Letters and Dispute**

Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!*™

O C W E N

1661 Worthington Road. Ste 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

11/20/2014

Loan Number: 7191045975

Dawn Van Malleghem Erminio Van Malleghem
14203 Hogan Dr
Orlando, FL 32837

Property Address: 14203 Hogan Dr
Orlando, FL 32837

## Re:  Delinquency Information

Dear Dawn Van Malleghem
Erminio Van Malleghem
We are providing the information in this notice because, as of the date of this letter, the above account is delinquent.

| **\*\*DELINQUENCY NOTICE\*\*** |
| --- |
| You are late on your mortgage payments.As of 11/20/14, you are 2241 days delinquent on your mortgage loan.Your account first became delinquent on 10/02/08. Failure to bring your loan current may result in fees and foreclosure – the loss of your home.<br><br>Recent Account History<br><ul><li>Payment due 11/01/14: UNPAID AMOUNT OF $2949.87</li><li>Payment due 10/01/14: UNPAID AMOUNT OF $2949.87</li><li>Payment due 09/01/14: UNPAID AMOUNT OF $2949.87</li><li>Payment due 08/01/14: UNPAID AMOUNT OF $2949.87</li><li>Payment due 07/01/14: UNPAID AMOUNT OF $2949.87</li><li>Payment due 06/01/14: UNPAID AMOUNT OF $2949.87</li></ul><ul><li>Total: $231038.15. You must pay this amount to bring your loan current. <u>Please note that the Total Amount Due includes your next regular monthly payment.</u><br>This amount may not include all fees and charges, as all fees and charges may not have been billed or posted to your account as of the letter date. Please contact us for your current reinstatement amount or payoff amount.</li></ul><br>Your account has been referred to an attorney to foreclosure. The first step in this process, the first legal filing, has not yet been completed.<br><br>**If You Are Experiencing Financial Difficulty:**  If you are experiencing financial difficulties and would like counseling or assistance, you can contact the U.S. Department of Housing and Urban Development (HUD). For a list of homeownership counselors or counseling organizations in your area, go to www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800-569-4287. |

NMLS # 1852                                                                                                                MADNREM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Page 1 of 2

**Exhibit: Demand Letters and Dispute**

Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!™*

OCWEN

1661 Worthington Road. Ste 100
West Palm Beach. FL 33409
Toll Free: (800) 746-2936

Should you have any questions or concerns, or believe an error has occurred, please contact us immediately 800-746-2936. We are available to assist you Monday through Friday 8:00 am to 9:00 pm ET, Saturday 8:00 am to 5:00 pm ET, and Sunday 9:00 am to 9:00 pm ET.

If you would like to submit a qualified written request, a notice of error, or a request for information, you must use the following address:

**Research Department,**  P.O. Box 24736, West Palm Beach, Florida  33416-4736.

If you have any further questions regarding this letter, your account or options that we may have available, you may schedule an appointment with your Home Retention Specialist, Jacqueline Dsouza, by contacting us at (800) 746-2936, Jacqueline Dsouza is your designated contact for inquiries and the submission of documents as needed.

Sincerely,
Ocwen Loan Servicing, LLC

**Please Note:** This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have an active bankruptcy case or have received an Order of Discharge from a Bankruptcy Court, the following Notice Regarding Bankruptcy applies.

**Notice Regarding Bankruptcy:** Please be advised that if you are part of an active Bankruptcy case or if you have received an Order of Discharge from a Bankruptcy Court, this letter is in no way an attempt to collect either a pre-petition, post petition or discharged debt. If your bankruptcy case is still active, no action will be taken in willful violation of the Automatic Stay. If you have received an Order of Discharge in a Chapter 7 case, any action taken by us is for the sole purpose of protecting our lien interest in the underlying mortgaged property and is not an attempt to recover any amounts from you personally. Finally, if you are in an active Chapter 11, 12 or 13 bankruptcy case and an Order for Relief from the Automatic Stay has not been issued, you should continue to make payments in accordance with your plan.

NMLS # 1852                                                                                                    MADNREM
*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhibit: Demand Letters and Dispute



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!™*

1661 Worthington Road, Ste 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

O C W E N

05/21/2015

Loan Number: 7191045975

Dawn Van Malleghem Erminio Van Malleghem
14203 Hogan Dr
Orlando, FL 32837

Property Address: 14203 Hogan Dr
Orlando, FL 32837

## Re:  Delinquency Information

Dear Dawn Van Malleghem
    Erminio Van Malleghem

**We are providing the information in this notice because, as of the date of this letter, the above account is delinquent.**

| **\*\*DELINQUENCY NOTICE\*\*** |
|---|
| **You are late on your mortgage payments.**As of 05/20/15, you are 2422 days delinquent on your mortgage loan. Your account first became delinquent on 10/02/08. Failure to bring your loan current may result in fees and foreclosure – the loss of your home.<br><br>Recent Account History<ul><li>Payment due 05/01/15: UNPAID AMOUNT OF $2949.87</li><li>Payment due 04/01/15: UNPAID AMOUNT OF $2949.87</li><li>Payment due 03/01/15: UNPAID AMOUNT OF $2949.87</li><li>Payment due 02/01/15: UNPAID AMOUNT OF $2949.87</li><li>Payment due 01/01/15: UNPAID AMOUNT OF $2949.87</li><li>Payment due 12/01/14: UNPAID AMOUNT OF $2949.87</li></ul><ul><li>**Total: $250001.2. You must pay this amount to bring your loan current. <u>Please note that the Total Amount Due includes your next regular monthly payment.</u>** This amount may not include all fees and charges, as all fees and charges may not have been billed or posted to your account as of the letter date. Please contact us for your current reinstatement amount or payoff amount.</li></ul><br>Your account has been referred to an attorney to foreclose. The first step in this process, the first filing, was completed.<br><br>**If You Are Experiencing Financial Difficulty:**  If you are experiencing financial difficulties and would like counseling or assistance, you can contact the U.S. Department of Housing and Urban Development (HUD). For a list of homeownership counselors or counseling organizations in your area, go to www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800-569-4287. |

NMLS # 1852                                                                                                                   MADNREM
*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

## Exhibit: Demand Letters and Dispute



Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!™*

1661 Worthington Road, Ste 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

Should you have any questions or concerns, or believe an error has occurred, please contact us immediately 800-746-2936. We are available to assist you Monday through Friday 8:00 am to 9:00 pm ET, Saturday 8:00 am to 5:00 pm ET, and Sunday 9:00 am to 9:00 pm ET.

If you would like to submit a qualified written request, a notice of error, or a request for information, you must use the following address:

**Research Department,** P.O. Box 24736, West Palm Beach, Florida 33416-4736.

If you have any further questions regarding this letter, your account or options that we may have available, you may schedule an appointment with your Home Retention Specialist, Jacqueline Dsouza, by contacting us at (800) 746-2936, Jacqueline Dsouza is your designated contact for inquiries and the submission of documents as needed.

Sincerely,
Ocwen Loan Servicing, LLC

**Please Note:** This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have an active bankruptcy case or have received an Order of Discharge from a Bankruptcy Court, the following Notice Regarding Bankruptcy applies.

**Notice Regarding Bankruptcy:** Please be advised that if you are part of an active Bankruptcy case or if you have received an Order of Discharge from a Bankruptcy Court, this letter is in no way an attempt to collect either a pre-petition, post petition or discharged debt. If your bankruptcy case is still active, no action will be taken in willful violation of the Automatic Stay. If you have received an Order of Discharge in a Chapter 7 case, any action taken by us is for the sole purpose of protecting our lien interest in the underlying mortgaged property and is not an attempt to recover any amounts from you personally. Finally, if you are in an active Chapter 11, 12 or 13 bankruptcy case and an Order for Relief from the Automatic Stay has not been issued, you should continue to make payments in accordance with your plan.

NMLS # 1852                                                                                                    MADNREM
*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhibit: BK Notice

FORM B9A (Chapter 7 Individual or Joint Debtor No Asset Case) (03/14)                                      Case Number **6:15−bk−06189−CCJ**

---

## UNITED STATES BANKRUPTCY COURT
### Middle District of Florida

## Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on July 17, 2015 .
You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights.
All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

*Creditors − Do not file this notice with any proof of claim you submit to the court.*
**See Reverse Side For Important Explanations**

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Erminio Van Malleghem
14203 Hogan Drive
Orlando, FL 32837

| Case Number: | Social Security/Taxpayer ID/Employer ID/Other Nos.: |
|---|---|
| 6:15−bk−06189−CCJ | xxx−xx−9955 |

| Attorney for Debtor(s) (name and address): | Bankruptcy Trustee (name and address): |
|---|---|
| Erminio Van Malleghem<br>14203 Hogan Drive<br>Orlando, FL 32837<br>Telephone number: | Marie E. Henkel<br>3560 South Magnolia Avenue<br>Orlando, FL 32806<br>Telephone number: 407−438−6738 |

### Meeting of Creditors

Debtor(s) must present Photo ID and acceptable proof of Social Security Number at § 341 meeting.

You are reminded that Local Rule 5073−1 restricts the entry of personal electronic devices into the Courthouse.

Date:  **August 25, 2015**                                    Time:  **09:00 AM**
Location:  **George C. Young Courthouse, Suite 1202−A, 400 West Washington Street, Orlando, FL 32801**

### Presumption of Abuse under 11 U.S.C. § 707(b)
*See "Presumption of Abuse" on reverse side.*

Insufficient information has been filed to date to permit the clerk to make any determination concerning the presumption of abuse. If more complete information, when filed, shows that the presumption has arisen, creditors will be notified.

### Deadlines:

Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
**Deadline to File a Complaint Objecting to Discharge of the Debtor or to Challenge Dischargeability of Certain Debts:**
**October 26, 2015**

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Creditors May Not Take Certain Actions:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

### Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

### Creditor with a Foreign Address

A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| Address of the Bankruptcy Clerk's Office: | For the Court: |
|---|---|
| George C. Young Federal Courthouse<br>400 West Washington Street<br>Suite 5100<br>Orlando, FL 32801<br>Telephone number: 407−237−8000 | Clerk of the Bankruptcy Court:<br>Lee Ann Bennett |
| Hours Open: Monday − Friday 8:30 AM − 4:00 PM | Date:  July 20, 2015 |

Notice is further given that effective on the date of the Petition, the United States Trustee appointed the above named individual as interim trustee pursuant to 11 USC § 701.

Exhibity: BK Notice

## EXPLANATIONS
FORM B9A (12/12)

| | |
|---|---|
| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under Chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Presumption of Abuse | If the presumption of abuse arises, creditors may have the right to file a motion to dismiss the case under § 707(b) of the Bankruptcy Code. The debtor may rebut the presumption by showing special circumstances. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Do Not File a Proof of Claim at This Time | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. *Do not include this notice with any filing you make with the court.* |
| **Discharge of Debts** | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must start a lawsuit by filing a complaint − or a motion if you assert the discharge should be denied under §727(a)(8) or (a)(9) −in the bankruptcy clerk's office by the "Deadline to File a Complaint Objecting to Discharge of the Debtor or to Challenge Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint or motion and any required filing fee by that Deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objections by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

### −− Refer to Other Side for Important Deadlines and Notices −−

| | |
|---|---|
| Voice Case Info. System (McVCIS) | McVCIS provides basic case information concerning deadlines such as case opening and closing date, discharge date and whether a case has assets or not. McVCIS is accessible 24 hours a day except when routine maintenance is performed. To access McVCIS toll free call 1−866−222−8029. |

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Erminio Van Malleghem | OCWEN LOAN SERVICING , LLC |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Pro Se | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☒ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | ☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Money damages, imporper collection, disgorgment, replevin (note)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $  over $75,000 |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Erminio Van Malleghem | BANKRUPTCY CASE NO.<br>15-bk-06189 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Middle | DIVISION OFFICE<br>Orlando | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE<br>11/03/2013 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>ERMINIO VAN MALLEGHEM |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.